UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALPS SOUTH, LLC,**
**a Florida limited liability company,**

**Plaintiff,**

v.                                                        Case No.: 8:08-cv-1893-T-33MAP

**THE OHIO WILLOW WOOD**
**COMPANY, an Ohio corporation,**

**Defendant.**

_____/

## PROTECTIVE ORDER

The following order shall govern the production or provision of confidential information or things by the parties in this case and any third parties (provided such third parties recognize and agree to be bound by the procedures and requirements herein) for the purpose of responding to discovery requests or inquiries (to include but not be limited to interrogatories, requests for document production, requests for admissions, responses to subpoenas duces tecum, and depositions) and preparation for trial. Pursuant to this order the parties or third parties have the power to designate certain information as "Confidential Information." "Confidential Information" is herein described and defined as "Confidential," or "Confidential – For Trial Counsel Only." The parties or third parties shall designate information as "Confidential Information" only in good faith and not as a mechanism to inhibit or complicate discovery.

## DEFINITIONS

1.      "Non-Protected Information," as used herein, shall refer to all information which is not subject to a good faith and justifiable claim of privilege or confidentiality, whether it be the

attorney-client privilege; work product; trade secrets, or other confidential research, development, or commercial information; or otherwise.

    2.    "Confidential Information" as used herein means any type of information which is designated (pursuant to the conditions herein) by the supplying party in good faith as "Confidential" or "Confidential – For Trial Counsel Only," whether it be confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer or otherwise. Specifically, "Confidential Information" shall refer to trade secrets, or other proprietary or confidential research, development, or commercial information, including, but not limited to the type of information contemplated by Fed.R.Civ.P. 26(c) and case law decided thereunder, and also shall include information not generally disseminated or available to the public, information to which free access is not available to the public, information to which only limited access is permitted to employees of the supplying party, and/or information to which dissemination or disclosure would present a real or potential economic threat to the economic security of the supplying party.

    3.    "Supplying party," "designating party" and "producing party" are used interchangeably herein, and refers to the party making information (confidential and/or nonprivileged) available.

    4.    "Qualified Person" as used herein means:

(a)    Attorneys of record in this proceeding and any associated counsel, *provided, however*, that each such attorney or counsel has executed an undertaking in the form of Exhibit B, agreeing to be bound by the terms of this Protective Order, and that a copy of such undertaking is served upon opposing counsel at least one day

before the opposing party's Confidential Information is disclosed to such attorney or counsel.

(b)     Any person hired by a party or its attorneys of record in this proceeding as an "independent expert," who is not a competitor, employed by a competitor, or an agent of a competitor of the supplying party, and who is not employed by or associated with either party (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Statement in the form of Exhibit A, attached. A copy of that Statement must be served on the supplying party before access is allowed to the Confidential Information.

(c)     Officers, directors and employees of the parties who are to be given access to Confidential Information on a "need to know" basis for the purpose of trial preparation and who agree, in writing, to be bound by the terms of this Protective Order. All such persons must complete and sign a Confidentiality Statement in the form of Exhibit A, attached. A copy of that Statement must be served on the supplying party before access is allowed to the Confidential Information.

(d)     Court reporter(s) and videographers employed in this action.

(e)     The Court, any juror, or any other entity authorized by the Court or required by law.

(f)     Any other person other than a person defined in paragraph 4(c) who is designated as a Qualified Person by Order of this Court, after notice to all parties (and third parties, if applicable), or who, by agreement of the parties (or third parties, if applicable), is designated as a Qualified Person. Any person designated under this

subparagraph must complete and sign a Confidentiality Statement in the form of Exhibit A, attached. A copy of that Statement must be served on the other party (or third parties, if applicable) before access is allowed to the Confidential Information.

(g)    Employees of attorneys of record in this proceeding to whom it is necessary that the information be disclosed for purposes of this proceeding.

"CONFIDENTIAL" DESIGNATION

5.    Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the supplying party may mark the copies that are produced or provided.

6.    Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party or third party, the present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Subject to Protective Order" and is subject to the provisions of this Order; or (b) following the procedure set forth in paragraph 22 below.

7.     Any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons.

"CONFIDENTIAL – FOR TRIAL COUNSEL ONLY" DESIGNATION

8.     The use of any particularly sensitive information, including without limitation commercially sensitive financial and proprietary technical information, which has been designated as "Confidential" pursuant to the terms of this Protective Order, may be further restricted by the additional designation of such information as "for Trial Counsel Only." Except as otherwise agreed to by the parties in writing, or ordered by the Court, all "qualified persons" defined in Paragraph 4, supra, except those identified in Paragraph 4(c), shall have access to information designated "Confidential – For Trial Counsel Only."

9.     Documents and things produced which contain particularly sensitive information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL – FOR TRIAL COUNSEL ONLY"

or

"CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

10.     Information disclosed at the deposition (as well as resulting deposition transcripts and exhibits) of a party or third party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of Confidential Information of a party, may be designated as "Confidential –

For Trial Counsel Only" by: (a) indicating on the record at the deposition that the testimony is "Confidential – For Trial Counsel Only" and is subject to the provisions of this Order; or (b) following the procedure set forth in paragraph 22 below.

11.    The designating party shall have the right to have all persons, except the witness, attorneys of record for named parties, members of such attorneys' regularly employed office staffs as are necessary for the conduct of this case, court reporter and/or videographer, and counsel for the witness excluded from the room before the taking of testimony or any part thereof which the designating party designates as "Confidential – For Trial Counsel Only" subject to this Order.

12.    Except as otherwise agreed to by the parties in writing, or ordered by the Court, all "qualified persons" defined in Paragraph 4, supra, except those identified in Paragraph 4(c), shall have access to information designated "Confidential – For Trial Counsel Only ," *provided, however*, that anyone to whom information designated "Confidential – For Trial Counsel Only" has been disclosed shall not directly or indirectly participate in the prosecution of any patent application (i) relating to prosthetic sleeves or liners, or any gelatinous composition for use with prosthetic sleeves or liners, during the pendency of this suit and for a period of one year after the conclusion of this litigation, including appeals, (ii) that is a continuation or continuation-in-part or otherwise claims priority from any patent application that resulted in U.S. Letters Patent Nos. 6,964,688; 5,830,237; 7,291,182; 6,406,499; 5,603,122; 7,344,568; 6,552,109; 5,633,286; 6,867,253; 5,884,639; 7,105,607; 7,208,184; 7,226,484; 7,067,583; 7,134,929; 6,420,475; 5,508,334; 7,222,380; 7,108,873; 6,333,374; 5,336,708; 7,159,259; 7,093,599; 6,148,830; 5,334,646; 7,234,560; 7,344,568; 6,117,176; 5,262,468; or 7,193,002;  or (iii) that is a patent application (whether an original, continuation, continuation-in-part, divisional or otherwise

claims priority from any such patent application) that is filed or pending before the Patent Office during the pendency of this suit and that is assigned or licensed to either The Ohio Willow Wood Company or Alps South, LLC, or (v) that is a patent application (whether an original, continuation, continuation-in-part, divisional or otherwise claims priority from any such patent application) that is filed or pending before the Patent Office during the pendency of this suit that names John Y. Chen as an inventor.

<u>PROVISIONS APPLICABLE TO CONFIDENTIAL INFORMATION</u>

13.     Except as set forth herein, documents produced which are designated "Confidential" or "Confidential – For Trial Counsel Only" as set forth herein shall be so designated at the time of furnishing to prevent dissemination or disclosure.

14.     In designating information as "Confidential" or "Confidential – For Trial Counsel Only", the designating party will make such designation only as to those documents or that information which the designating party in good faith believes contains Confidential Information and when using the designation "Confidential – For Trial Counsel Only," which designating party in good faith further believes contains Confidential Information of a particularly sensitive nature, whether technical or otherwise. In the event that the party receiving information designated as "Confidential" or "Confidential – For Trial Counsel Only" objects to such designation, that party shall notify the designating party in writing as to the specific objections, itemizing them with particularity, along with the basis (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve their differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each party's proprietary interest. In the event that the parties are not able to

reach an agreement under this provision, the documents in question shall be the subject of review by the Court or Magistrate.

15.     Confidential Information shall not be made available by the receiving party to those Qualified Persons identified in Paragraph 4(b)-(f) above until five (5) days after service on the opposing party or third party of a copy of the executed Confidentiality Statement of Exhibit A. Counsel for any opposing party or third party (the "objecting counsel") may, within said five (5) day period serve opposing counsel with a written notice of objection to any of such person(s), in which event disclosure shall not be made. Within ten (10) days after service of the objection, objecting counsel may move the Court for an order denying disclosure of any Confidential Information to such person specified in the notice of objection, in which event disclosure shall not be made until the Court rules, or the parties agree that such disclosure may be made. Failure to file such a motion within said ten (10) days after service of the notice of objection shall operate as a waiver of the objection.

16.     When a party seeks to disclose Confidential Information to a person who is being deposed who is not a "qualified person" as defined in Paragraph 4, the following procedures must be followed:

The party seeking to disclose such material must first identify this person in writing to opposing counsel, including, if known, reasonable information to sufficiently identify the person in addition to the person's name, and any other reasonable information, if known, as requested by the other party. The other party must notify the party seeking approval in writing, within five (5) business days after the person has been "identified," as to either its agreement that the person may be shown the material at issue or the reasons for withholding approval. Approval shall not be unreasonably withheld.

The parties shall use their best efforts to resolve the matter without resort to the Court. The disclosure of any Confidential Information to the person must be withheld pending the ruling of the Court or the written agreement of the objecting party.

17.    Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee, former employee, agent or expert of the producing party, or any person who authored or was a prior recipient of the Confidential Information, subject to the requirements of this Protective Order.

18.    Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, or if the Court, after notice to all parties, and subject to all parties' appellate rights, orders such disclosure. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate. This Order shall not restrict the disclosure of material that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure, through no fault of the receiving party; (c) was received from a third party who was under no obligation of confidentiality to the producing party; or (d) is derived or obtained independently of the disclosure, any of which the receiving party shall have the burden of proving.

19.    If a third party, through discovery procedures, supplies material to a party to the action that is subject to a claim of confidentiality, the terms of this Order shall apply to such material to the same extent as if it had been produced by a party, provided such third party

recognizes and accepts the procedures herein. Nothing herein shall be taken to imply that a failure of a third party to agree to the terms and provisions of this Order shall constitute a waiver of any party's pre-existing rights to confidential treatment of any documents or other information produced by a third party through discovery procedures in this action.

20.     Subject to the provisions of paragraph 23, no party shall be responsible to another party for any use made of information produced and not designated as Confidential Information.

21.     **ANY INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION, I.E., "CONFIDENTIAL" OR "CONFIDENTIAL - FOR TRIAL COUNSEL ONLY", THE INFORMATION CONTAINED THEREIN, AND ANY SUMMARIES, COPIES, ABSTRACTS, OR OTHER DOCUMENTS DERIVED IN WHOLE OR IN PART FROM THE MATERIAL SO DESIGNATED SHALL NOT BE USED BY THE OTHER PARTY FOR ANY PURPOSE OTHER THAN IN CONNECTION WITH ADVANCING THIS PROCEEDING.**

22.     In addition to previous provisions herein relating to Confidential Information disclosed at a deposition, all depositions shall be treated as Confidential Information for a period of ten (10) business days after a full complete transcript of said deposition is available, during which period counsel for any party believing the deposition to contain Confidential Information not already designated on the record, shall so designate such portions, by page and line numbers, in a writing served upon counsel for the opposing party. Such designated portions shall be treated in accordance with the provisions herein for said Confidential Information. The time period set forth in this paragraph may be shortened or enlarged by written consent of the parties.

23.     The inadvertent or unintentional disclosure by a supplying party to the receiving party of Confidential Information, regardless of whether the information was so designated at the

time, will not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, a party who inadvertently or unintentionally discloses Confidential Information, shall, within three (3) working days from the date of discovery of such inadvertent or unintentional disclosure, designate such Confidential Information appropriately, notifying the opposing party of the same in writing, along with a written explanation as to the circumstances concerning the inadvertent or unintentional disclosure, and its discovery, including the date. The party who inadvertently or unintentionally discloses said Confidential Information shall make every reasonable effort to prevent any further disclosure by it or by the person who was the recipient of such Confidential Information. The designated information shall thereafter be treated subject to its designation.

24. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

25. The inadvertent or unintentional disclosure by a supplying party to the receiving party of information subject to the attorney-client privilege and/or the work product doctrine (collectively "Privileged Information"), regardless of whether the information was so designated at the time, will not be deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, a party who inadvertently or unintentionally discloses Privileged Information shall, within three (3) working days from the date of discovery of such inadvertently or unintentional disclosure, designate such Privileged Information appropriately, notifying the opposing party of the same in writing. The party who inadvertently or

unintentionally receives said Privileged Information shall make every reasonable effort to prevent any further disclosure by it or by the person who was the recipient of such Privileged Information.

26.   In the event that a party seeks to file under seal any paper or other matter:

(a)   Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in a civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (1) an identification and description of each item proposed for sealing, (2) the reason that filing each item is necessary, (3) the reason that sealing each item is necessary, (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal, (5) a statement of the proposed duration of the seal, and (6) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the clerk any item proposed for sealing unless the Court has granted the motion required by this section.

(b)   If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes (1) a citation to the statute, rule, or order authorizing the seal; (2) an identification and description of each item submitted for sealing; (3) a statement of the proposed duration of the seal; and (4) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal. The movant shall submit to the clerk along with a motion under this section each item proposed for sealing.

27.   Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence advises the other party of the confidential nature of the information prior to its offer. Without limiting the manner in which such notice may be provided, the inclusion of Confidential Information in a trial exhibit list or deposition designations for trial shall constitute notice under this paragraph. Any party may move the Court for an order that the evidence be reviewed *in camera* or under other circumstances to prevent unnecessary disclosure. The Court will then

determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded such information at the trial or hearing.

28.     In the event that any Confidential Information is used in any Court proceeding in this action, it shall not by such use lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

29.     This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted. Any such request must specifically and in detail identify the document or information at issue. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

30.     Within two months after the conclusion of the trial and any appeals taken in this proceeding, all originals or reproductions of any documents produced by a party containing Confidential Information shall be returned to the producing party or destroyed. A verified statement regarding the return or destruction of Confidential Information must be provided to the producing party by counsel of the party who returns or destroys the same. Insofar as the provisions of any protective orders entered in this action restrict the trial of this action or restrict the communication and use of the Confidential Information produced hereunder, such orders shall continue to be binding for a period of twenty (20) years after the conclusion of this proceeding, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this protective order or portions thereof. Trial counsel for the parties may retain such confidential information as is necessary to

have an accurate and complete record of the lawsuit including, at least, work copies of documents, pleadings, depositions, trial testimony, admissions and answers to interrogatories. Any such retained information shall continue to be treated as confidential and shall be subject to the terms of this Protective Order.

31.     Documents produced by one party which originated with the other, or which the other has a possessory or ownership interest (in the documents or in the information in the documents) may be designated by the other according to this Protective Order and shall be treated by the parties according to this Protective Order, except that they need not be returned according to paragraph 30.

32.     The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate discovery and the preparation of this action for trial of this action, and treatment of such material by counsel for the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

33.     An action for contempt arising out of any violation of this Order may be brought in United States District Court for this district.

34.     This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

35.     This Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

APPROVED FOR ENTRY:

By signing this Protective Order, all counsel of record hereto warrant that they are authorized by

their respective clients to sign on behalf of and to bind the client to the terms hereof.

By: /s/ Michael Stonebrook
Benjamin H. Hill, III
William C. Guerrant, Jr.
Patrick J. Risch
Hill, Ward & Henderson, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33601-2231
Tel.: (813) 221-3900
Fax: (813) 221-2900
bhill@hwhlaw.com
wguerrant@hwhlaw.com
prisch@hwhlaw.com

Jeffrey S. Standley
F. Michael Speed, Jr.
Michael Stonebrook
STANDLEY LAW GROUP, LLP
6300 Riverside Drive
Dublin, Ohio 43017
Tel.: (614) 792-5555
Fax: (614) 792-5536
litigation@standleyllp.com

Counsel for Defendant,
The Ohio Willow Wood Company

By: /s/ Mindi M. Richter
Ronald A. Christaldi
J. Todd Timmerman
Mindi M. Richter
SHUMAKER, LOOP & KENDRICK, LLP
101 E. Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Tel.: (813) 229-7600
Fax: (813) 229-1660
rchristaldi@slk-law.com
ttimmerman@slk-law.com

Counsel Plaintiff, Alps South, LLC

APPROVED AND ADOPTED AS
THE ORDER OF THE COURT:

Dated: May 22, 2009

Honorable Virginia M. Hernandez
Covington
United States District Judge

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,
a Florida limited liability company,

Plaintiff,

v.                                    Case No.: 8:08-cv-1893-T-33MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio corporation,

Defendant.

---

### EXHIBIT A-CONFIDENTIALITY STATEMENT

---

UNDERTAKING OF: _____

STATE OF _____ )
                    ) ss.
COUNTY OF _____ )

I, _____ , being duly sworn, state that:

1.      My address is _____ .

2.      My present employer is _____ .

3.      My present occupation or job description is _____

_____ .

4.      I have received a copy of the Protective Order in this case signed by District

Judge _____ on _____ .

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

SLK_TAM: #1108372v1

7.      I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance summaries, abstracts or indices of Confidential Information disclosed to me.

8.      I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise designated as a Qualified Person pursuant to the Protective Order.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____          _____

                                    Signature


Subscribed and sworn to before me this ___ day of _____, 20__.


                                    _____

                                    Notary Public, State of _____
                                    County of: _____
                                    My Commission Expires: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,
a Florida limited liability company,

        Plaintiff,

v.                            Case No.: 8:08-cv-1893-T-33MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio corporation,

        Defendant.

---

## EXHIBIT B-CONFIDENTIALITY STATEMENT

---

        UNDERTAKING OF _____

I, _____ , hereby declare under penalty of perjury that:

1.     I am counsel for _____ in the above-captioned matter.

2.     I have received and carefully read the provisions of the Protective Order in this case signed by District Judge _____ on _____.

3.     I will comply with all of the provisions of the Protective Order, specifically including but not limited to the patent prosecution limitations of paragraph 12.

4.     I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance summaries, abstracts or indices of Confidential Information disclosed to me.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____     _____
                                  Signature