UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,

  Plaintiff,
v.          Case No. 8:08-cv-1893-T-33TGW

THE OHIO WILLOW WOOD COMPANY,

  Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant's Motion for Certification of Interlocutory Appeal and for Stay (the "Motion," Doc. # 77), filed February 24, 2010. Plaintiff filed its Response in Opposition to the Motion on March 9, 2010.[1] (Doc. # 84). For the reasons that follow, the Motion is due to be denied.

**I. Factual and Procedural Background**

Plaintiff Alps South, LLC ("Alps") filed suit against Defendant The Ohio Willow Wood Company ("OWW") for allegedly infringing U.S. Patent Nos. 6,552,109 (the "109 patent") and

---

[1] Plaintiff's Response includes a proposed Order (Doc. # 84 at 11-17) "for the convenience of the Court to utilize if the Court so chooses." (Doc. # 84 at 9). Defendant filed a Notice of Objection to the proposed Order on March 10, 2010. (Doc. # 86). Because the Court has opted not to use the proposed Order, the Court need not address Defendant's Objection.

1

6,867,253 (the "253 patent").[2] (Doc. # 35 at 2-3). Ownership rights were originally assigned to Applied Elastomerics, Inc. ("AEI"). (Id.) Alps acquired an exclusive license from AEI pursuant to a Patent Sale and License Agreement (the "Agreement") on August 31, 2008. (Id. at 3). Alps and AEI entered into an Amended Patent Sale and License Agreement (the "Amended Agreement," Doc. # 62) on January 28, 2010. Alps contends that the Amended Agreement merely clarifies the original Agreement. (Doc. # 77 at 3).

OWW filed a Motion to Dismiss on October 28, 2009, alleging that Alps lacked standing to bring suit. (Doc. # 31). OWW asserted that the Agreement did not vest Alps with all the substantial rights necessary to confer standing to bring a patent infringement action in its own name. (Id. at 2). Alps filed a Response in Opposition to the Motion to Dismiss on November 12, 2009. (Doc. # 34). Alps pointed out that the Agreement grants the right to sue third parties for infringement as well as to use and sub-license the patents – evidence that the Agreement grants substantial rights. (Id. at

---

[2] Alps filed its original Complaint on September 23, 2008. (Doc. # 1). Alps filed its Second Amended Complaint on November 18, 2009. (Doc # 35). OWW filed its Answer to Alps' Second Amended Complaint and Amended Counterclaim on December 3, 2009. (Doc. # 39). Alps filed its Answer to OWW's Amended Counterclaim on February 25, 2010. (Doc. # 80).

2

3,6).  On February 11, 2010, this Court issued an Order (the "Order," Doc. # 73) denying OWW's Motion to Dismiss, finding that the Agreement conferred the substantial rights necessary for Alps to proceed with the case.

On February 24, 2010, OWW filed its Motion for Certification of Interlocutory Appeal and for Stay, asking this Court to certify the Order to the Federal Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).[3] (Doc. # 77 at 1). In addition, OWW asks the Court to stay the case pending appellate review. (Id.)  Alps filed its Response in Opposition to the Motion on March 9, 2010. (Doc. # 84).  The Motion is ripe for the Court's review.

**II. Legal Standard**

The certification of interlocutory appeals from a district court to the court of appeals is governed by 28 U.S.C. § 1292(b).  By its terms, § 1292(b) authorizes appeal of an interlocutory order only where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an

---

[3] The Motion is docketed as a Motion for Certification of Interlocutory Appeal.  However, in its Memorandum in Support of the Motion, OWW asks this Court to reconsider and reverse the Order, requesting certification of interlocutory appeal in the alternative. (Doc. # 77 at 11).

3

immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that a litigant seeking § 1292(b) certification must satisfy all of these elements); McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1264 (11th Cir. 2004) (describing these three criteria as the "core requirement" for § 1292(b) certification).

The Eleventh Circuit has characterized § 1292(b) interlocutory appeals as a "rare exception" to the premise that the great bulk of appellate review must be conducted after final judgment. McFarlin, 381 F.3d at 1264; see also OFS Fitel, 549 F.3d at 1359 (pointing out that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals"). As a result, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." McFarlin, 381 F.3d at 1256.

**III. Analysis**

As a preliminary matter, the Court has reviewed its Order and declines to reverse. In denying OWW's Motion to Dismiss

for Lack of Standing, the Court not only analyzed the relevant documents but heard the Parties' oral arguments. Upon due reconsideration, the Court reaffirms its holding.

The Court now turns to OWW's Motion for Certification of Interlocutory Appeal. OWW asks the Court to certify four questions to the Federal Circuit Court of Appeals:

1. Does the Patent Sale and License Agreement dated August 31, 2008, grant Alps constitutional standing to sue OWW?
2. Does the Patent Sale and License Agreement dated August 31, 2008, grant Alps prudential standing to sue OWW?
3. Does the nunc pro tunc Amended Patent Sale and License Agreement cure the defects of either constitutional or prudential standing?
4. Should the patent owner be made a party in order for this case to proceed (as opposed to a new case)?

(Doc. # 77 at 10). OWW argues that the issue of standing involves a controlling question of law, that substantial grounds exist for disagreeing with the Court's decision regarding standing in this case, that the Federal Circuit has not ruled that a nunc pro tunc agreement may be used to cure defects of standing, and that district courts are divided on that point. (Id. at 6-9).

Controlling questions of law require "no 'fact-intensive' inquiry, even if, in some instances, the district court's jurisdiction would be determined and the case concluded."

5

Grand Lodge of Pa., v. Peters, No. 8:07-cv-479-T-26EAJ, 2008 WL 2790237 (M.D. Fla. July 18, 2008) (citing McFarlin, 381 F.3d at 1258) (other citations omitted). "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." McFarlin, 381 F.3d at 1259.

Here, as in Grand Lodge of Pa., the questions presented involve issues of standing,[4] and "determination of standing require[s] this Court to consider and apply the allegations and facts to the law." 2008 WL 2790237 at *1. The Court therefore finds that the questions presented do not constitute controlling questions of law for the purposes of § 1292(b).

Even if the questions presented did constitute controlling questions of law, they do not represent "substantial grounds for difference of opinion," which means that courts have different opinions as to the question of law as distinct from the particular facts of the case. Id. OWW appears to misconstrue the meaning of this element, stating that "substantial grounds exist for disagreeing with this

---

[4] The fourth question to be certified, as to whether AEI must be joined as a party in the instant action or a new suit filed, follows directly from the questions of Alps' standing to sue in its own name.

Court's decision on these issues." (Doc. # 77 at 7) (emphasis added). OWW goes on to assert that there is disagreement as to whether AEI assigned to Alps substantial rights in the patents in this case. (Id.) Furthermore, OWW cites ample authority attesting that these issues generally are settled as a matter of law. (Id. at 7-8). Because OWW bases its questions on fact-specific matters, the Court finds that there are no substantial grounds for difference of opinion as envisioned by § 1292(b).

OWW's discussion of the case law surrounding nunc pro tunc agreements in patent litigation does little to enlighten the matter. OWW does not frame this discussion in terms of § 1292(b) but instead states that it "has found no case where the Federal Circuit has permitted a nunc pro tunc agreement to cure standing" and that "the district courts are split on that issue." (Id. at 8-9). The fact that the Federal Circuit has not ruled on a matter does not create substantial grounds for difference of opinion; furthermore, both of the district court cases OWW cites are from the Eastern District of Texas and are factually inapposite.

Finally, OWW asserts that resolving issues of standing at this stage of the proceedings would avoid an unnecessary trial. (Id. at 10). "Materially advancing the termination of

7

the litigation means that a trial would be avoided or significantly shortened." Grand Lodge of Pa., 2008 WL 2790237 at *1. However, Alps points out that it would move to join AEI as a party should defects of standing be found. (Doc. # 84 at 8). Therefore, the Court finds that an interlocutory appeal would not materially advance the termination of the litigation.

Upon due consideration, the Court concludes that exceptional circumstances do not exist to justify an interlocutory appeal. Thus, the Court need not address OWW's request for stay.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

Defendant's Motion for Certification of Interlocutory Appeal and for Stay (Doc. # 77) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record