```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

ALPS SOUTH, LLC,

       Plaintiff,
v.
                              Case No.  8:08-cv-1893-T-33MAP
THE OHIO WILLOW WOOD
COMPANY,

       Defendant.
_____/

### ORDER

This matter comes before the Court pursuant to Plaintiff Alps South, LLC's Notice of Completed Reexamination Process and Motion to Lift Stay, filed on June 24, 2011. (Doc. # 174). Defendant Ohio Willow Wood (OWW) filed a Response in Opposition on July 11, 2011, asking the Court to deny the motion and, in any event, to conduct a scheduling conference once the stay is lifted. (Doc. # 176). For the reasons that follow, the Court grants the motion to lift stay, and will enter a separate order regarding the requested scheduling conference.

**I.**   **Background**

This matter arises from a patent infringement claim filed by Alps against competitor OWW. Alps' Amended Complaint, filed on November 18, 2009, charges that OWW infringed on U.S. Patents No. 6,552,109 (the '109 Patent) and 6,867,253 (the

'253 Patent), to which Alps claims status as sole licensee.[1] (Doc. # 12). On September 16, 2009, OWW requested that the U.S. Patent and Trademark Office (USPTO) conduct an ex parte reexamination of the '109 Patent. (Doc. # 26-2). In light of the reexamination request, OWW filed a motion to stay these proceedings on September 22, 2009. (Doc. # 26). The USPTO granted the request for reexamination on October 24, 2009.

OWW requested ex parte reexamination of the '253 Patent on January 29, 2010, and filed an additional motion to stay these proceedings on February 1, 2010. (Doc. # 61). The USPTO denied the request for reexamination for failure to comply with its requirements. (Doc. # 87 at 3). The Court denied both of OWW's motions to stay on February 11, 2010. (Doc. # 72).

OWW again requested reexamination of the '253 Patent on May 28, 2010, and on July 22, 2010, the USPTO ordered reexamination of claims 1-5, 7, 8, 10-12 and 14-17. (Doc. # 126). On December 2, 2010, the USPTO issued an Office Action rejecting those claims as either anticipated by or obvious in light of prior art. (Doc. # 154-1). On December 13, 2010, the USPTO issued a Final Office Action in the reexamination of the '109 Patent, rejecting all sixteen claims pending in the

---

[1] Another patent previously involved in this case, U.S. Patent No. 5,633,286, is no longer at issue.

2

reexamination. (Doc. # 156-1 at 4). Based upon these determinations, OWW filed a renewed motion to stay on December 17, 2010. (Doc. # 158). The Court granted the motion on January 18, 2011. (Doc. # 168).

The Reexamination Certificate for the '253 Patent issued on June 7, 2011, and the Reexamination Certificate for the '109 Patent issued on July 5, 2011. (Doc. # 176 at 3). On June 24, 2011, Alps filed its Notice of Completed Reexamination Process and Motion to Lift Stay. (Doc. # 174). OWW opposes the motion. (Doc. # 176).

## II. Analysis

Reexamination of patent validity is authorized by 35 U.S.C. § 301, et seq., and "the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." Lentek Int'l, Inc. v. Sharper Image Corp., 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001). Thus "it is entirely within the discretion of the District Court to order a stay pending conclusion of a reexamination by the [USPTO]." Id. The issuance of a Reexamination Certificate is sufficient reason to lift such a

3

stay. <u>Atl. Constr. Fabrics, Inc. v. Metrochem, Inc.</u>, 2008 WL 3852100, at *1 (W.D. Wash. Aug. 14, 2008).

Alps states that the USPTO issued Reexamination Certificates for both the '109 and '253 Patents, upholding all claims with minor amendments. (Doc. # 174 at 1). As such, Alps asserts that the stay should be lifted. (<u>Id.</u> at 2). OWW contends that the stay should remain in place because an issue is pending before the USPTO – the resolution of requests for Certificates of Correction for the '253 Patent. (Doc. # 176 at 3). OWW asserts that the outcome of these requests could change the scope of claims at issue in this case. (<u>Id.</u> at 4).

A pantentee may request the correction of a mistake in a patent pursuant to 35 U.S.C. § 254. The statute states, in relevant part:

> Whenever a mistake in a patent, incurred through the fault of the Patent and Trademark Office, is clearly disclosed by the records of the Office, the Director may issue a certificate of correction . . . . . A printed copy thereof shall be attached to each printed copy of the patent, and such certificate shall be considered as part of the original patent. Every such patent, together with such certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form.

35 U.S.C. § 254. Mr. Chen, holder of the patents licensed to Alps, filed two such requests, seeking to correct claims 1, 2

4

and 10 of the '253 Patent due to errors attributable to the USPTO. (Doc. ## 174-2, 174-3). OWW asserts that the scope of these three claims is therefore unclear even though the USPTO issued Reexamination Certificates for both patents. (Doc. # 176 at 4).

The Court notes that the request for a Certificate of Correction for claim 10 merely seeks to correct a typographical error that arose in the Reexamination Certificate – changing the word "and" to "at." (Doc. # 174-3). The request for Certificates of Correction for claims 1 and 2 seeks to replace an older amendment that was mistakenly reversed with a later amendment. The request states that the Reexamination Certificate has a misplaced phrase and omits the words "and physically interlocked" from claim 1, and also omits those words from claim 2. (Doc. # 174-2).

Despite these errors, Reexamination Certificates have issued with regard to both patents. The USPTO's Notice of Intent to Issue Ex Parte Reexamination Certificate states that "prosecution on the merits is closed" in those proceedings. (Doc. ## 172, 173). The purpose of the stay has been satisfied. Thus, the Court finds that continuing the stay pending the outcome of the requested Certificates of

5

Correction is unwarranted. The Court therefore grants the motion to lift stay.

Given that the Court grants the motion, OWW asks the Court to conduct a scheduling conference. (Doc. # 176 at 2). OWW asserts that a scheduling conference is needed to discuss "the degree to which the amendments have altered the scope of the asserted claims" as well as "procedural issues that should be revisited." (Id.) The Court will enter a separate order regarding this request.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Alps' Motion to Lift Stay (Doc. # 174) is **GRANTED.**

(2) This case was administratively closed on January 20, 2011. The Clerk is directed to reopen the case.

(3) The Court will enter a separate order regarding the requested scheduling conference.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of July, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record