# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ALPS SOUTH, LLC, a Florida Corporation,**

    **Plaintiff,**

v.

                                    **Case No. 8:08-cv-1893-T-35-MAP**

**THE OHIO WILLOW WOOD COMPANY, an Ohio Corporation,**

    **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Alps South, LLC's ("ALPS") Motion for a Permanent Injunction (Dkt. 323) and The Ohio Willow Wood Company's ("OWW") Response in Opposition. (Dkt. 331) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS in part and DENIES in part** ALPS's Motion for a Permanent Injunction (Dkt. 323), as described herein.

### I. BACKGROUND

ALPS initiated this action alleging OWW infringed U.S. Patent Nos. 6,552,109 (the "'109 Patent") and 6,867,253 (the "'253 Patent") (collectively "patents-in-suit"). (Dkt. 35) OWW filed a two-count counterclaim seeking a declaratory judgment that (1) OWW did not infringe on the patents-in-suit; (2) the patents-in-suit were invalid and unenforceable; and (3) the patents-in-suit were unenforceable due to the inequitable conduct of the inventor, Mr. Chen. (Dkt. 39)

During the litigation, the patents-in-suit were submitted for re-examination and were reissued by the United States Patent and Trademark Office ("USPTO"). A Re-examination Certificate was issued on the '253 Patent on June 7, 2011. (Dkt. 185-4) A Re-examination Certificate was issued on the '109 Patent on July 5, 2011. (Dkt. 175)

The jury trial began in this action on April 30, 2012. During the trial, all the asserted claims related to the '253 patent were dismissed. On May 10, 2012, the issues of whether OWW infringed the '109 Patent; whether OWW willfully infringed the '109 patent; and whether the '109 Patent was invalid due to anticipation or obviousness by prior art were presented to the jury for consideration. On May 11, 2012, the jury found that OWW did infringe claims 1-3, 5, 6, 11 and 12 of the '109 Patent; that OWW willfully infringed the '109 Patent; and, that the '109 Patent was valid.

Now, ALPS seeks an order permanently enjoining OWW from making, using, selling, offering for sale, or importing into the United States any product infringing on the claims 1-3, 5, 6, 11, and 12 of the '109 Patent from the date of the Order granting a permanent injunction through the date that the '109 Patent expires on August 11, 2014. Further, Plaintiff seeks to enjoin any party who obtains any such product from OWW from using, selling or offering to sell, or importing into the United States any infringing OWW product.

## II. LEGAL STANDARD

Under the Patent Act, a district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. A party seeking a permanent injunction in a patent infringement case must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The decision to grant or deny a permanent injunction "is an act of equitable discretion by the district court." Id.

### III. DISCUSSION

#### A. Permanent Injunction

##### i. Irreparable Injury and Adequacy of Remedies Available at Law

ALPS argues that it is sustaining irreparable injury as a result of OWW's infringement. As evidence of this irreparable injury, ALPS asserts that (1) OWW's infringement of the '109 Patent "is a clear abridgement" of a property right; (2) it has lost and is losing market share as a result of OWW's infringement; (3) it and OWW are direct competitors and distribute their products through the same channels of distribution; and (4) OWW's "low quality products" continue to damage ALPS's reputation.

On the other hand, OWW contends the following factors show that ALPS is not being irreparably injured by OWW: (1) the pre-existing license of the '109 Patent to Silipos, Inc., a direct competitor of ALPS; (2) the existence of other competitors in the market selling gel-fabric liners; (3) the lack of evidence to substantiate its claim that it is losing sales due to OWW's infringement; (4) the success of OWW's products is not correlated to the features claimed by the '109 Patent; and (5) ALPS's delay in licensing the '109 Patent and bringing suit against OWW.

The evidence demonstrates that ALPS and OWW are direct competitors competing in the same market. (Dkt. 302 at 7-8, Dkt. 390 at 48) This direct competition strongly weighs in favor of the assertion of ALPS that it will suffer irreparable injury without an injunction. See Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude."). The Court finds that the evidence of Silipos, Inc.'s role as a competitor and other purported competitors is insufficient to overcome ALPS's showing of irreparable injury. See Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1328 (Fed. Cir. 2008) ("A plaintiff's past willingness to license its patent is not sufficient per se to establish lack of irreparable harm if a new infringer were licensed."). Accordingly, the Court concludes there is sufficient evidence to demonstrate that ALPS has suffered and will continue to suffer irreparable injury without injunctive relief.

Further, the Court finds that monetary damages will not fully compensate ALPS's injury. ALPS has presented evidence that OWW provides a lower quality product to the market which has created a perception in the market that silicone liners are better than thermoplastic gel liners. (See Dkt. 301 at 64-65; Dkt. 302 at 31-32) This perception impacts ALPS's ability to market and sell its product. The difficulty in determining ALPS's loss of business opportunity or loss of goodwill based on this perception is a sufficient basis to conclude that the remedies at law would be inadequate to compensate ALPS for OWW's infringement.

### ii.  Balance of Hardships

ALPS argues that the balance of hardships weighs in its favor of a permanent injunction.  ALPS asserts that as a result of OWW's infringement  ALPS is  (1) losing sales; (2) being deprived of market share; (3) being deprived of funds necessary for further research and development; and (4) suffering reputational loss in relation to its products.  OWW, however, contends that the balance of hardships weighs in its favor because it has invested substantially in the research and development of the infringing products and an injunction could put OWW out of business entirely.

"A party cannot escape an injunction simply because it is smaller than the patentee or because its primary product is an infringing one."  Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1156 (Fed. Cir. 2011).  Moreover, "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."  Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1003 n. 12 (Fed. Cir. 1986).  The Court finds that OWW's hardship from investing in the infringing products does not outweigh the hardship to ALPS if OWW is permitted to continue competing against OWW.  Thus, the Court concludes that the balance of hardship weighs in favor of granting a permanent injunction.

### iii.  Public Interest

OWW contends a permanent injunction would disserve the public interest because it would create "consequential medical, practical, and economic issues for a large number of amputees who utilize OWW's Alpha Liner Products."  (Dkt. 331 at 17)  OWW asserts that "[b]ecause fit of the prosthetic solution is so critical, amputees

currently using the Alpha Liner products would be forced to return [ ] their prosthetics to be refitted for a different prosthetic solution were the [OWW] Alpha Liner to become unavailable." (Dkt. 331 at 18-19)

"As a general matter, the public maintains an interest in protecting the rights of patent holders, and the '[s]uccessful exploitation' of the patent by the infringer does not allow the infringer to avoid a permanent injunction." Enpat, Inc. v. Budnic, 6:11-cv-86-PCF-KRS, 2011 WL 1196420, at *5  (M.D. Fla. March 29, 2011) (quoting Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 704 (Fed. Cir. 2008)).  While an amputee may have to return prosthetic devices to be refitted with another liner from a different manufacturer, there is no evidence that the amputee would experience any substantial inconvenience, additional costs or adverse consequences.  Thus, the Court finds that the public interest would not be disserved by an injunction.

Accordingly, after considering the equitable factors, the Court concludes that the balance of equities warrants a permanent injunction.

**B. Scope of the Permanent Injunction**

The Court now will determine the scope of the permanent injunction.  ALPS seeks a permanent injunction enjoining OWW from making, using, selling, offering for sale, or importing into the United States any product infringing on the claims 1-3, 5, 6, 11 and 12 of the '109 Patent **and** any party who obtains any such product from OWW from using, selling or offering to sell, or importing into the United States any infringing OWW product.

"As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." Additive Controls & Measurement Sys.,

6

Inc., 154 F.3d 1345, 1351 (Fed. Cir. 1998). "[T]he extent to which a federal injunction applies to non-parties is governed by Federal Rule of Civil Procedure 65(d)." Id. at 1355. Thus, an injunction may only bind the parties, "the parties' officers, agents, servants, employees, and attorneys;" and "other persons who are in active concert or participation with [them]" as long as they "receive actual notice of it by personal service or otherwise." Fed. R. Civ. P. 65(d)(2).

ALPS seeks to enjoin any party who obtains any product infringing on the claims 1-3, 5, 6, 11 and 12 of the '109 Patent from OWW from using, selling or offering to sell, or importing into the United States any infringing OWW product. To the extent that the party being sought to be enjoined is not OWW's officers, agents, servants, employees, or attorneys or a party in active concert or participation with OWW, the Court is not authorized to enjoin that party because that party has not appeared before this Court to have its rights legally adjudicated. Accordingly, the Court will only enjoin those non-parties that are described in Rule 65 of the Federal Rules of Civil Procedure 65.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Alps South, LLC's Motion for a Permanent Injunction (Dkt. 323) is **GRANTED in part and DENIED in part**.

2. Ohio Willow Wood Company and all of its agents, officers, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or participation with Ohio Willow Wood Company, are **PERMANENTLY ENJOINED and RESTRAINED** from making, using, selling, offering for sale, or importing into the United States any product infringing on

the claims 1-3, 5, 6, 11, and 12 of U.S. Patent No. 6,552,109. This injunction is effective from the date of this Order through August 11, 2014.

3. To the extent that Plaintiff seeks to enjoin any party who obtains any infringing OWW product from using, selling or offering to sell, or importing into the United States any infringing OWW product, Plaintiff's request is **DENIED**.

4. Alps South, LLC's Motion to Strike Exhibits Submitted with OWW's Response in Opposition to Motion for Permanent Injunction (Dkt. 341) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 9th day of May 2013.

*[signature]*

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
   All Counsel of Record
   All *Pro Se* parties