UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALPS SOUTH, LLC, | ) |
| | ) CASE NO.: 8:08-cv-01893-MSS-MAP |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE OHIO WILLOW WOOD COMPANY, | ) |
| | ) |
| Defendant. | ) |

**THE OHIO WILLOW WOOD COMPANY'S MOTION FOR RECONSIDERATION, UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) OR IN THE ALTERNATIVE RULE 60(b)(6), OF THE ORDER OF MAY 9, 2013 GRANTING AN INJUNCTION**

Defendant, The Ohio Willow Wood Company ("OWW"), hereby moves this Court for reconsideration of its Order of May 9, 2013 imposing an injunction against OWW for the reason, respectfully, that the injunction does not comport with Rule 65(d) of the Federal Rules of Civil Procedure.

**I.    FACTS SUPPORTING RECONSIDERATION**

In this Court's Order of May 9, 2013 granting in part and denying in part Alps' Motion for a Permanent Injunction, the Court stated the following:

> ALPS seeks to enjoin any party who obtains any product infringing on the claims 1-3, 5, 6, 11 and 12 of the '109 Patent from OWW from using, selling or offering to sell, or importing into the United States any infringing OWW product. To the extent that the party being sought to be enjoined is not OWW's officers, agents, servants, employees, or attorneys or a party in active concert or participation with OWW, the Court is not authorized to enjoin that party because that party has not appeared before this Court to have its rights legally adjudicated. Accordingly, the Court will only enjoin those non-parties that are described in Rule 65 of the Federal Rules of Civil Procedure 65.

(Dkt. No. 418 at pg. 7).

1

The injunction states that:

> Ohio Willow Wood Company and all of its agents, officers, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or participation with Ohio Willow Wood Company, are **PERMANTENTLY ENJOINED and RESTRAINED** from making, using, selling, offering for sale, or importing into the United States any product infringing on the claims 1-3, 5, 6, 11 and 12 of U.S. Patent No. 6,552,109. This injunction is effective from the date of this Order through August 11, 2014.

(Dkt. No. 418, pgs. 7-8).

On May 23, 2013, Alps filed an emergency motion for contempt of the May 9, 2013 Injunction Order. (Dkt. No. 429).

## II. THE COURT SHOULD RECONSIDER THE SCOPE OF THE MAY 9, 2013 PERMANENT INJUNCTION

### A. The Standard

A motion for reconsideration may be brought pursuant to FED.R.CIV.P. 59(e). Courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Florida 1994).

Additionally, Federal Rule of Civil Procedure 60(b) allows this Court to relieve a party from the effects of an order for "any … reason that justifies relief" from the operation of the order. FED.R.CIV.P. 60(b)(6). As provided herein, this Court should reconsider the scope of the permanent injunction entered against OWW by its Order of May 9, 2013 to correct clear error and prevent manifest injustice. (*See* Dkt. No. 418).

**B. The Court Committed Clear Error In Granting An Overly Broad Injunction And Should Reconsider the Scope of the Injunction to Prevent Manifest Injustice**

This Court, respectfully, committed clear error in granting an overly broad injunction that does not comply with Rule 65(d) of the Federal Rules of Civil Procedure. Although District Courts may grant injunctive relief to prevent violation of patent rights, such injunctions must nevertheless comply with requirements of Federal Rule of Civil Procedure 65. 35 U.S.C. §283; *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1525 (Fed. Cir. 1985). Rule 65(d) of the Federal Rules of Civil Procedure provides that:

> (d) Contents and Scope of Every Injunction and Restraining Order.
> (1) Contents. Every order granting an injunction and every restraining order must:
> (A) state the reasons why it issued;
> (B) state its terms specifically; and
> (C) describe in reasonable detail – and not by referring to the complaint or other documents – the act or acts restrained or required.

"In accord with the policy of this rule, the Supreme Court does not countenance overly broad injunctions due to the threat of costly contempt proceedings for acts unrelated to those originally judged unlawful." *Addictive Controls and Measurements Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479-80 (Fed. Cir. 1993) (*citing NLRB v. Express Publ'g Co.*, 312 U.S. 426, 435-36 (1941).

In *Addictive Controls*, the Federal Circuit vacated an injunction that "forever barred" the adjudged infringer from infringing the patent-at-issue because the injunction lacked a reasonably detailed description of the acts sought to be restrained and therefore violated Rule 65(d). *Addictive Controls,* 986 F.2d at 477, 480. Specifically, the *Addictive Controls* court found that the injunction failed to state which acts constituted infringement and to expressly limit its prohibition to the manufacture, use, or sale of the specific device found to infringe, or devices no more than colorably different. *Id*. at 479-80.

Similarly, in *International Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312 (Fed. Cir. 2004), the Federal Circuit vacated an injunction prohibiting infringement by "any device covered by one or more of Claims 1 through 5" of the relevant patent for failure to comply with Rule 65(d). *Id*. at 1315-18. In vacating the injunction, the Federal Circuit held that "the only acts [an] injunction may prohibit are infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices. In order to comply with Rule 65(d), the injunction should explicitly proscribe only those specific acts." *Id*. at 1316.

The injunction order issued by this Court, similar to the injunctions vacated in *Addictive Controls* and *International Rectifier*, does not comply with Rule 65(d). The injunction states that:

> Ohio Willow Wood Company and all of its agents, officers, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or participation with Ohio Willow Wood Company, are **PERMANTENTLY ENJOINED and RESTRAINED** from making, using, selling, offering for sale, or importing into the United States any product infringing on the claims 1-3, 5, 6, 11 and 12 of U.S. Patent No. 6,552,109. This injunction is effective from the date of this Order through August 11, 2014.

(Dkt. No. 418, pgs. 7-8).

On its face, the injunction entered in this case applies to many more devices than those adjudicated before this Court. By its terms the injunction applies to "any product" made, used, sold, offered for sale, or imported into the United States by OWW that is within the scope of claims 1-3, 5, 6, 11 or 12 of the '109 Patent. Accordingly, the injunction entered in this case is too broad as it instructs the enjoined party not to violate 35 U.S.C. §271 by "making, using, selling, offering for sale, or importing into the United States any product" that infringes certain claims of the '109 Patent and does not provide a reasonably detailed description of the acts

4

sought to be restrained. Because "contempt proceedings ... are available only with respect to devices previously admitted or adjudged to infringe, and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent", the only acts the injunction may prohibit are infringement of the patent by the adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices. *See International Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004) (*citing* KSM, 776 F.2d at 1526). Therefore, in order to comply with Rule 65(d), the injunction should explicitly proscribe only those specific acts. In fact, Rule 65(d), "by requiring specificity in the wording of injunctions, protects enjoined parties from unwarranted contempt proceedings." *International Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004).

On May 23, 2013, Alps, in reliance on the permanent injunction entered in this matter, moved this Court for initiation of contempt proceedings against OWW. (Dkt. No. 429). As shown above, the permanent injunction entered by this Court does not comply with Rule 65(d) and should be reconsidered before this Court proceeds with any contempt action against OWW to prevent manifest injustice to OWW.

Accordingly, by issuance of an injunction that does not comply with Rule 65(d), this Court committed clear error and should reconsider the scope of the injunction entered May 9, 2013.

## III. CONCLUSION

For the aforementioned reasons, OWW respectfully requests that this Court reconsider the scope of its Order of May 9, 2013 (Dkt. No. 418) imposing an injunction against OWW. Attached hereto as Exhibit A is a proposed order that OWW believes satisfies the requirements of Rule 65 of the Federal Rules of Civil Procedure for the Court's consideration.

Respectfully submitted,

Date: May 28, 2013    /s/ Michael R. Stonebrook
Jeffrey S. Standley (Ohio Bar No. 0047248)
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
Michael Stonebrook (Ohio Bar No. 0075363)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone:    (614) 792-5555
Facsimile:    (614) 792-5536
litigation@standleyllp.com

Benjamin H. Hill, III
Florida Bar No. 094585
William C. Guerrant, Jr.
Florida Bar No. 516058
Patrick J. Risch
Florida Bar No. 0165603
HILL WARD & HENDERSON P.A.
101 East Kennedy Blvd., Suite 3700
Tampa, FL 33601-2231
(813) 221-3900
(813) 221-2900 (Fax)
bhill@hwhlaw.com
wguerrant@hwhlaw.com
prisch@hwhlaw.com

COUNSEL FOR DEFENDANT/COUNTERCLAIMANT,
THE OHIO WILLOW WOOD COMPANY

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 28th day of May, 2013. Any other counsel of record will be served by first class mail, but none are known to exist.

    /s/ Michael Stonebrook
Michael Stonebrook